NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CESAR G. and MILDRED A. ESTACIO, LIEZL and JESSIE ROBLES, RAMON SALVADOR and MARLYN ESCLAMADA, JERALYN and RAYMOND SO, ZENAIDA and SALVIO SO, ARLENE TIAMZON, CEDIONESTO and CARMENCITA TIROL, JAIME and MARIA NERIA DUNGAO, MARIA DURAN, MARK CHRISTIAN BALAGTAS, ARNEL MATIAS, JAIMEENKU CHATIALI and PRAGNEESH PATEL, ANGEL and IRENE SALAZAR,,

Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, JOHN DOE 1-10.

Defendants.

**Hon. Dennis M. Cavanaugh**

**OPINION**

Civil Action No. 11-CV-05522 (DMC)(JAD)

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendant Deutsche Bank National Trust Company ("Defendant" or "Deutsche Bank") to dismiss the Complaint of Plaintiffs Cesar G. and Mildred A. Estacio, Liezl and Jessie Robles, Ramon Salvador and Maryln Esclamada, Jeralyn and Raymond So, Arlene Tiamzon, Cedionesto and Carmencita Tirol, Jaime and Maria Neria Dungao, Maria Duran, Mark Christian Balagtas, Arnel Matias, Jaimeenku Chatiali and Pragneesh Patel, and Angel and Irene Salazar (collectively "Plaintiffs"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant

to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's motion to dismiss is **granted**.[1]

## I. BACKGROUND[2]

This case arises out of the alleged predatory lending practices perpetrated by Defendants during mortgage transactions entered into with Plaintiffs on their subject properties. Pls.' Compl. ¶ 2. Plaintiffs allege numerous Federal and State law claims, including but not limited to the Federal Truth in Lending Act and Regulation Z, the Federal Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, the Federal Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, the Fair Credit Report Act, State and

---

[1]The Court notes that the instant motion is one of many before this Court in twenty-five related matters filed between September 22 and 23, 2011 following the dismissal of Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., No. 10-1336, 2011 WL 2652149 (D.N.J. June 30, 2011). After reviewing the complaints in each of the related matters, it appears that all of the complaints are substantively the same in several material regards and appear to be variations on the same formulaic complaint. As a result, the complaints all suffer from the same deficiencies, namely a failure to plead a plausible claim to relief. Accordingly, the Court will simultaneously decide the twelve motions presently before it and dismiss the complaints in the following cases: Lelina v. 1 st 2nd Mortgage Co. of NJ, Inc. (11-5517); Abanto v. Bank of America, N.A. (11-5519); Estacio v. Deutsche Bank Nat'l Trust Co. (11-5522); Abucay v. GMAC Mortgage Corp. (11-5523); Salazar v. Nat'l City Bank (11-5528); Isip v. Nationstar Mortgage, LLC (11-5529); Coolack v. Select Portfolio Servicing, Inc. (11-5531); Magat v. US Bank Nat'l Assoc. (11-5534); Flores v. Wells Fargo, N.A. (11-5535); Cerciello v. First Franklin Loan Services (11-5536); Auletta-Segura v. Green Tree Servicing, LLC (11-5538); and Abucay v. HomeEq Servicing (11-5539). This Court also notes that three related cases have already been dismissed by this Court on the same grounds. See Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012)(JLL); Aquino v. Aurora Loan Services, LLC, No. 11-5518, 2012 WL 2514844 (D.N.J. June 28, 2012)(DMC); and Flores, et al. v. HSBC, et al, No. 11-5525, 2012 WL 2522987 (D.N.J. June 29, 2012)(DMC).

[2] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

Federal High Cost Loan Statutes, the New Jersey Consumer Fraud Act, the New Jersey Lenders' Liability Law, the New Jersey RICO statutes, breach of contract, fraud and misrepresentation, negligence, among others. Pls.' Compl. ¶ 2.

The Complaint in the instant matter was filed following the dismissal of the class action suit in Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., No. 10-1336, 2011 WL 2652149 (D.N.J. June 30, 2011)(Civ.A.No. 10-1336, ECF No. 191). The complaint in Almazan was dismissed without prejudice on the grounds that Plaintiffs failed to adequately put any Defendants on notice of any specific claims. (Civ.A.No. 10-1336, Opinion adopting Report and Recommendation June 2, 2011, at p. 7, ECF No. 185). Specifically, the Court noted that Plaintiffs' Complaint "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it." Id. Plaintiffs were directed to re-file separate complaints against only those Defendants that were involved in their respective loans. Further, Plaintiffs were admonished, under the principles of Younger Abstention, to consider the existence of any pending state foreclosure or federal bankruptcy proceedings in determining whether to file a federal law suit. Id. at 9. Finally, the Court found Defendants' arguments regarding Plaintiffs' counsel's failure to comply with the Local Civil Rule 11.2, which directs a party to disclose whether the matter in controversy is the subject of any other action pending in any court, were well founded. Id. The Court warned that "[a] second round of non-compliance with that Rule will result in sanctions upon the filing of the appropriate motions." Id.

Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a mortgage loan originator in the United States and is named in the Complaint as a parent company of its acquired lenders or subsidiaries residential mortgage-lending operations, as well as on the belief that Deutsche Bank directed, participated in and/or influenced the setting and establishing of credit-relating policies

and underwriting guidelines and practices used by each of the other Defendants. Pls.' Compl. ¶¶ 14-15. Plaintiffs' Complaint provides John Doe 1-10 as the alleged subsidiaries or acquired lenders of Deutsche Bank. Pls.' Compl. ¶ 16. Plaintiffs allege that the Defendants collectively established policies for retail and wholesale access to their loan products and that each Defendant directed, participated in and/or influenced the setting and establishing of credit-related policies, procedures, practices and underwriting guidelines used by each of the other Defendants. Pls.' Compl. ¶¶ 17-18.

The Complaint provides facts specific to each Plaintiffs' respective mortgage.[3] Such allegations consist of a variation on the following combination of specific details and general conclusions regarding the loans acquired:

**Angel and Irene Salazar**[4]

> 191. The Borrowers purchased the referenced home on 4/20/2007 for $800,295. They financed the purchase with a $640,200 1st mortgage and a $115,300 2nd mortgage. The Mortgages were provided by Opteum Financial Services, LLC in a line of Lenders and/or Services that included MERS, Inc., Deutsche Bank, PNC and GMAC together with their successors & assigns. These Lenders regularly & routinely granted mortgage financing. The Mortgagees would later declare the mortgage in default on 3/1/2010.
>
> 192. First Mortgage: The loan was a 30 year term and characterized as a PERIOD FIXED NOTE of 360 payments at equal for the term as (I x P). The initial interest rate was 6.124

[3]As noted in Gutierrez, the Complaint in this action, as well as in each related action, essentially constitutes a re-filing of the original complaint from Almazan. 2012 WL 272807, at *1. Judge Linares noted that the new complaints "siphoned off the individual lender Defendants named in the Original and Amended Complaints into separate actions" and refiled the complaint "slightly modified and tailored to each individual lender with a short section of around ten numbered paragraphs detailing the facts of the specific named Plaintiffs with whom each Defendant had made mortgage loans." Id. As a result of this apparent re-filing, the counts alleged in each complaint are identical, down to their numeric order. As noted by Judge Linares, the only apparent difference among the Complaints are the addition of facts particular to each named Plaintiff.

[4]The following excerpt is taken directly from Plaintiffs' Complaint to illustrate the nature of the specific allegations provided for each Plaintiff, to the extent they are included.

& the mortgage payment (IxP) was $3,889.93. **The Finance Charge over the loan term was $770,000 +- and the projected term interest rate average was 6.245%.**

193. The 2nd mortgage in the amount of $115,300 was extended simultaneous with the 1st Mortgage. That mortgage was a 15 year Balloon Loan wherein the Borrower would pay $806+- per month for 179 months and then the Balloon lump payment would be due as the last payment. The balloon payment was calculated to be $87,771. The Bank was under no obligation to recast that balance. The annual percentage rate (APR) was 7.534%. Therefore, on a purchase price of $800,292 the Borrowers secured 94% financing ($755,500) with no indication of PMI.

194. The Client was not provided completed and/or signed FNMAE form 1003 Mortgage Applications; no Amortization schedules, or Verification Statements for Employment and either a pro forma or a Financial Statement were provided to the client. No signed HUD-1 or Reg.Z was provided. ***Federal Disclosure Statement was not provided. Relevant & vital documents were unsigned. The source of the original application was not provided. The loans were completed with marginal employment/income verifications.***

195. The review of the client's financial situation revealed insufficient reliable income and liquidity as well as extended liabilities so as to make the aforementioned loan in excess of the Borrower's ability to repay. The unsigned mortgage application was considered "Stated Income" which is derisively referred to as a "Liar Loan" for obvious reasons. The adjusted gross income of the Borrower was also not supportive of those loan balances. The neatly typed final application was unsigned.

196. Transactional Fees: fees were charged either directly to the Borrower (application, origination, processing) or hidden (POC) which were de facto YSP entries. The total funnding fees for this transaction were not disclosed but the Borrowers paid a Lender Contribution Fee of $1,500 and a Loan Discount Fee was paid of $6,020. A $450 commitment fee was paid to the same Lender.

197. The fundability of Money being what it is, these profligate fees thwarted the Borrower from a banking transaction that demonstrated a more reasonable and therefore a more likely loan repayment.

198. **Substantive Unconscionability: The UCCC considers entering into a transaction with the knowledge that the consumer could not receive a "substantial benefit" from it or if there was no reasonable probability of payment in full as demonstrable of "Substantive Unconscionability".**

199. The loan rates appeared to be of sub-prime nature since they clearly exceeded the rate borne by more "A" prime worthy customers. It was a "High Risk Loan" as referenced in NJPL 2009, c84 and NJPL 2008 c127. Signed documentation including TIL, with annual

percentage rate, finance charge, amount financed and total of payments were not disclosed in a clear & conspicuous manner as to reflect the legal obligations of the parties. Neither were these disclosures segregated from other information in a consumer-keep able format. None of those available documents were signed and/or provided.

200. Absent proper customer notification cited above, and with no proper HOEPA notice, written in conspicuous type size forthcoming, the Lender (s) seem seriously deficient in disclosures.

201. The Lender's should have been more aware of the shifting economic winds and have insisted on greater applicant equity and subsequently followed a more conservative lending policy to offset that pending value decline. The Boro of Sayreville, the Taxing District, valued the home (True Value) at $630,000+- for the transactional duration imputing an LTV ratio of 120%. This ratio creates a high risk loan and the transaction is absent any PMI documentations. ***The underlying URAR Appraisal is therefore further suspect for supporting a Banking Transaction based on overvaluation.***

202. The loan amount was excessive and fraught with potential abuse. Defendants made numerous material representations to Borrowers including loan affordability but understated the deleterious effects of variable rate interest calculation.

203. **Predatory Lending: The pattern of irregularities, unrealistic asset-based reliance, flagrant lack of disclosures, and under-emphasis on liquidity contributed to *predatory lending.* These deceptive practices, fraudulent acts and omissions seemed poised to disregard and misrepresent the best interests of he Borrowers. High LTV loans set a stage for unrealistic expectations of payment in the future. Predatory patterns were replete in this high-risk transaction.**
**The dynamic of these Loan Approvals and the stunning lack of Lenders due diligence guaranteed the Loan failures.**[5]

As demonstrated above, the only allegations specific to the named Defendants is that Deutsche Bank was among the entities involved in Plaintiffs' mortgage. No further facts are provided to specify the precise nature of Defendant's participation or any specific acts for which Defendant might be held accountable. The remaining Plaintiffs at most provide a variation of comparable facts and similarly

[5]As will be discussed in greater detail below, these allegations closely mirror those highlighted as factually deficient in the dismissal of the Gutierrez action. There, Judge Linares found such allegations to "mimic the generality and legally conclusory statements made in the rest of Plaintiffs' Complaint." 2012 WL 272807, at *4.

do little more than allege some level of participation by Defendants and other lenders in their mortgage transactions. The Court will address each Plaintiff's specific allegations in turn.

Plaintiffs Ramon Salvador and Maryln Esclamada allegedly secured a mortgage to Homecomings Financial, which later proceeding into default. The closing documents allegedly revealed that the broker, Century Mortgage Corp., received a fee in the amount of $2,042 characterized as "discount," which was actually a "yield spread premium" in disguise. The lenders and/or assignees allegedly involved in Plaintiffs' mortgage were MERS, Inc., GMAC, Homecomings Financial, Nationstar Mortgage Corp., and Citizens Mortgage Corp., and their successors and assigns. Plaintiffs provide no facts regarding any conduct on the part of Deutsche Bank, nor do they allege any connection between Defendant and the named participants.

Jeralyn and Raymond So are alleged to have secured a mortgage on their property to WMC Mortgage Corp. on July 14, 2006. The closing documents allegedly revealed that the broker, Nexcentury Mortgage Corp., received a fee in the amount of $7,790 which was characterized as "points to broker." Plaintiff maintains that the disbursement was a "yield spread premium" in disguise. The lenders and/or assignees allegedly involved in the So's loan were MERS, Inc., Ocwen Lenders, Home Servicing, WMC Mortgage Corp., Nexcentury Mortgage Corp., and Deutsche Bank, Trustee, and their successors and assigns. Plaintiffs therefore appear to allege that Deutsche Bank acted as trustee but fail to allege further facts regarding its conduct with respect to Plaintiffs' loan.

Jaime and Maria Neria Dungao refinanced their home and secured a first mortgage from Real Estate Mortgage Network. On July 1, 2008 the mortgagees declared the mortgage in default. The other lenders and/or assignees involved in the loan were Homecoming Financial, a GMAC Company; First National Lending Services; GMAC Mortgage LLC; Deutsche Bank Trust Company

for RALI 206qs18 and their successors and assigns. Deutsche Bank is the only alleged participant who is named as a Defendant to this action, yet Plaintiff does not provide further factual allegations regarding its conduct in its dealings with Plaintiffs.

Maria Duran is alleged to have acquired a first mortgage through MERS, Inc. and BNC Mortgage, Inc. The Mortgagees declared the loan to be in default as of November 1, 2007 and Duran subsequently filed for Chapter 7 bankruptcy. The home was allegedly foreclosed on September 27, 2010 by Deutsche Bank National Trust Co. The lenders and/or assignees allegedly involved in the Duran mortgage are Deutsche Bank, BNC Mortgage Inc., MERS, Inc., CDC Mortgage Capital Trust, Ocwen Loan Servicing, and Providian. Plaintiff does not provide further factual allegations against Deutche Bank aside from the assertion that it was the entity to foreclose on its home. The remainder of Duran's allegations refer to "lenders" or "Defendants" generally.

Mark Christian Balagtas executed a first mortgage note and mortgage to the Citizens Mortgage Corporation on January 4, 2007. Plaintiff thereafter executed an assignment of the mortgage to Homecoming Financial, LLC. f/k/a Homecomings Financial Network, Inc. on January 4, 2007. On January 24, 2007, Homecomings Financial allegedly executed an assignment of the mortgage to Mortgage Electronic Systems, Inc. On February 22, 2010, Mortgage Electronic Systems, Inc. executed an assignment of the mortgage to Deutsche Bank Trust Company of Americas. A second mortgage note and mortgage was executed with Citizens Mortgage Corporation. Plaintiff thereafter executed an assignment of the mortgage to Homecomings Financial, LLC. The mortgage is alleged to have gone into default. Plaintiff further alleges that he was never informed that the mortgage would be sold to Homecomings Financial. Plaintiff also alleges that Citizens Mortgage Corporation made numerous material representations to Balagtas and clearly

misled, cheated, lied and violated his trust in order to benefit from a large amount of revenue. Plaintiff does not provide any further factual allegations against Defendant aside from the assertion that Deutsche Bank was assigned Plaintiff's first mortgage.

Arnel Matias secured a first mortgage from Saxon Mortgage, Inc. on July 16, 2007. The mortgage was thereafter assigned to Deutsche Bank National Trust Company, as trustee for Saxon Assets Securities Trust 2007-3 on April 7, 2009. Saxon allegedly provided Matias with no documents at the time of the settlement. The loan thereafter proceeded into default and a foreclosure action was filed on May 28, 2010. No further facts are provided regarding Deutsche Bank's conduct regarding the loan in question.

Jaimeenku Chatiali and Pragneesh Patel allege that they secured a first and second mortgage from First Franklin on April 13, 2006. First Franklin was allegedly in a line of lenders, assignors, and/or servicers that included Heritage Financial, national City Bank of Indiana, Deutche Bank, and MERS, Inc., together with their successors and assigns. Deutche Bank's precise role is not indicated in the facts alleged. Plaintiff also alleges that transactional fees were paid to First Franklin and Heritage Financial. While Plaintiff alleges that they would be haunted by these profligate fees and suffer debilitating consequences, Plaintiffs do not plead any facts to tie Deutsche Bank to such fees.

Nine of the named Plaintiffs do not provide any facts regarding their entitlement to relief.[6] Rather, such Plaintiffs pled themselves to "have a similar situation with the rest of Plaintiffs given here."

For the following reasons, this Court finds that the aforementioned allegations in connection

---

[6]Plaintiffs for which no facts are alleged are: Cesar G. and Mildred A. Estacio; Liezl and Jessie Robles; Zanaida and Salvio So; Arlene Tiamzon; and Cedionesto and Carmencita Tirol.

with the remaining general statements provided throughout the rest of the Complaint are insufficient to state a claim upon which relief can be granted. Defendants Motion to Dismiss is therefore **granted.**

## II. MOTION TO DISMISS

### A. LEGAL STANDARD

#### 1. Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the Defendant is liable for misconduct alleged." Id.

"Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

2. FED. R. CIV. P. 9(b)

Fraud-based claims are subject to FED. R. CIV. P. 9(b). Dewey v. Volkswagon, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A Plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the Defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004). To satisfy this standard, the Plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

**B. DISCUSSION**

Plaintiffs' Complaint suffers from many of the same pleading deficiencies that were noted in the Almazan case, as well as the dismissals of several similar complaints to follow. Accordingly, this Complaint must also be dismissed. As previously noted, this Court explained that the complaint in Almazan "[did] not inform any reader what the Defendants did wrong, to whom they did it, or

when they did it." Although Plaintiffs may have cured the "who" deficiencies by filing this separate complaint against those Defendants who were allegedly involved in their respective loans, Plaintiffs' Complaint in this action remains deficient regarding the "what" and "when" of Defendants alleged conduct.[7] Such pleading deficiencies fail to properly place Defendants on notice of "any specific acts that it or [its subsidiaries] committed during the course of its mortgage transactions with Plaintiffs." Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *11. (D.N.J. Jan. 27, 2012).

This Court has already found occasion to dismiss three similarly pled complaints filed in the wake of the Almazan dismissal. Of particular note is the case of Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724. (D.N.J. Jan. 27, 2012) in which the Honorable Jose L. Linares provided an in depth discussion regarding the sufficiency of Plaintiffs' complaint. There, on the basis of a similarly pled complaint to that in issue here, Judge Linares found that "as a general matter, the paragraphs in the complaint [did] not adequately put Defendant [ ] on notice of any specific claims linked to specific acts that it or the John Doe Defendants committed during the course of its mortgage transactions with the Plaintiffs." Gutierrez v. TD Bank, 2012 U.S. Dist. LEXIS 10724, at * 11. Rather, the Court found that the specific facts addressing the mortgage transactions between Defendant and Plaintiffs were "scarce," "while the Complaint extensively states and restates legally conclusory statements regarding Defendant's wrongful conduct as defined exclusively within the terms of the relevant statutes or case law authority."Id. at *17. By way of example, Judge Linares found that, given the allegations raised by the complaint, Plaintiffs failed to indicate:

which exact disclosures required by law were not provided; the nature and extent of any

[7]This Court notes here that several of Plaintiffs' pleadings do not even appear to remedy the "who" deficiency as they fail to implicate any of the Defendants named to this action.

> credit reporting which occurred by Defendants in violation of federal law; what, if anything, was inaccurate about such reporting; the substance of any written notices to Plaintiffs which violated their rights under state law; which terms of any contract were breached by Defendants; the nature of the emotional distress suffered by Plaintiffs; what, if any, benefit Defendants may have obtained due to alleged inaccuracies represented to Plaintiffs as amounts owed for any loans; what representations, if any, Plaintiffs made to Defendants regarding their financial circumstances and their "ability to repay" justifying their allegations regarding Defendants predation, and so on.

Gutierrez, 2012 U.S. Dist. LEXIS 10724, at * 17-18. Finally, the Court took issue with the fact that Plaintiffs' opposition failed to cite to any paragraphs in the complaint "wherein facts relevant to their alleged claims are discernable." Id. at *18.

This Court followed suit from Gutierrez with the dismissal of the complaints in Aquino v. Aurora Loan Services, LLC, No. 11-5518, 2012 WL 2514844 (D.N.J. June 28, 2012) and Flores, et al. v. HSBC, et al, No. 11-5525, 2012 WL 2522987 (D.N.J. June 29, 2012). In Aquino and Flores, the Court found that the Plaintiffs were similarly deficient in their pleadings and therefore failed to state a claim upon which relief might be granted. Plaintiffs now present identical claims to those raised in Gutierrez, Flores, and Aquino, as well as nearly identical factual allegations, with the exception of the inclusion of specific details of each Plaintiff's mortgage summarized above. Consequently, Plaintiffs' Complaint suffers from the same factual deficiencies highlighted in the preceding caselaw and must therefore be dismissed.[8]

---

[8]The Court also notes that claims common to both the Gutierrez and the instant action were dismissed in Gutierrez as not cognizable as a matter of law. 2012 U.S. Dist. LEXIS 10724, at *35. Such claims include (1) furnishing inaccurate information to credit agencies (Count 5); (2) failure to correct inaccurate reporting (Count 6); (3) failure to provide required notices and disclaimers (Count 7); (4) predatory and negligent lending (Counts 10 and 28); (5) New Jersey Licensed Lenders Act (Count 11); and (6) unfair business practices (count 16). The Court in Gutierrez found that the aforementioned counts should be dismissed on the grounds that they were redundant or failed to cite to any law or statute supporting a claim independent of the claims already raised. The Court therefore dismissed the aforementioned claims without prejudice "to Plaintiffs' amendment of any claims asserted therein which do not duplicate other claims already stated in Plaintiff's complaint." Id. at *40. This Court echoes the conclusions

The Third Circuit has held that "[a]lthough a Plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" Guirguis v. Movers Specialty Servs., 346 Fed. App'x. 774, 777 (3d Cir. 2009), citing Iqbal, 129 S.Ct. at 1950. Here, Plaintiffs' Complaint is almost entirely a recitation of legal conclusions closely mirroring the language of the statutes Defendants are claimed to have violated. Indeed, the Complaint does more to inform this Court of the state of the law than it does to inform the Court of the facts upon which Plaintiffs' claims are based. Such pleading leaves this Court unable to discern the appropriate causes of action for which Defendants might plausibly be held accountable. Moreover, the Court is left with the impression that either Plaintiffs are unable to identify the true nature of the causes of action they allege, or that Plaintiffs allege that Defendants have violated each statute in virtually every way conceivable. Plaintiffs must provide some grounds upon which this Court may assess the sufficiency of each of the claims asserted, yet they have failed do more than vaguely allege that Defendant was a participant in some of the Plaintiffs' mortgage transactions.

Accordingly, this Court finds that the entirety of Plaintiffs' Complaint fails to plead with the requisite particularity to satisfy even the liberal pleading standards of Rule 8(a), let alone the heightened pleading standard for Plaintiffs' fraud-based allegations under Rule 9(b).[9] Plaintiffs'

---

drawn in Gutierrez in further support of the dismissal of the aforementioned claims.

[9]With respect to the Gutierrez Plaintiff's fraud-based claims, Judge Linares addressed the argument, similarly raised here, that the requirements of Rule 9(b) should be relaxed for circumstances where factual information is exclusively within the opposing party's knowledge or control. The Court found the rule cited by Plaintiffs to be inapplicable under the circumstances, and this Court agrees. As noted by Judge Linares,

> Plaintiffs need only state with particularity the who, what, when and where of the false misrepresentations or omissions made by Defendants based on their familiarity with said

Complaint must therefore be dismissed.[10]

## III. CONCLUSION

Accordingly, as this Court finds that Plaintiffs have failed to state a claim upon which relief can be granted, Defendant's motion to dismiss is **granted without prejudice**.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date: July 30, 2012
cc: All Counsel of Record
Hon. J. A. Dickson, U.S.M.J.
File

---

misrepresentations as experienced by them in the mortgage transactions . . .

Id. at 25-26 (emphasis added). There, as here, "those facts are both within the Plaintiffs' control and need not be enumerated in every detail or with respect to each and every instance to meet the heightened pleading standard for fraud-based claims." Id. Just as the Gutierrez Plaintiff was not relieved of its obligation to plead claims of fraud with specificity under Rule 9(b), Plaintiffs here will not be so relieved.

[10] As this Court finds that the motion to dismiss should be granted for the reasons herein expressed, the Court declines to address the statute of limitations argument raised by Defendant and addressed by Judge Linares in the Gutierrez opinion. Similarly, this Court declines to address the arguments raised by Defendants concerning abstention.